Jeremy I. Lessem, Esq. (SBN: 213406)
Jamal Tooson, Esq. (SBN: 261373)
Daniel S. Rubin, Esq. (SBN: 302093)
***LESSEM, NEWSTAT & TOOSON, LLP***
3450 Cahuenga Blvd. W., Ste. 102
Los Angeles, CA 90068
Telephone: (818) 582-3087
Facsimile: (818) 484-3087
Email: Jeremy@LNLegal.com/JTooson@LNLegal.com/Daniel@LNLegal.com

Attorney for Plaintiff, Marcus Stewart

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS STEWART, an individual,<br><br>Petitioner,<br><br>v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY PROBATION DEPARTMENT, LOS ANGELES COUNTY CHIEF PROBATION OFFICER TERRI MCDONALD, LOS ANGELES COUNTY CHIEF PROBATION OFFICER SHEILA MITCHELL, DEPUTY PROBATION OFFICER TYLER CHAMBERLAIN, DEPUTY PROBATION OFFICER FNU CARPENTER, DEPUTY PROBATION OFFICER FNU GONZALEZ, DEPUTY PROBATION OFFICER FNU NGUYEN, DEPUTY PROBATION OFFICER FNU ROMAN, SENIOR PROBATION OFFICER FNU WHITE and DOES 1 THROUGH 10, INCLUSIVE<br><br>Respondents. | **Case No:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND 42 U.S.C. §1988; AND FOR ASSAULT, BATTERY, SEXUAL BATTERY AND NEGLIGENCE UNDER CALIFORNIA LAW**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      While employed by the County of Los Angeles as a juvenile probation officer, Defendant Deputy Probation Officer Tyler Chamberlain inappropriately touched, molested and

- 1 –

sexually abused Plaintiff Marcus Stewart.

2.      From around October 1, 2017 to October 7, 2017, Officer Chamberlain sexually assaulted Plaintiff on approximately four (4) occasions. The acts of sexual assault against Plaintiff include forcefully grabbing and groping Plaintiff's upper and lower body and causing Plaintiff's penis to be exposed.

3.      This Civil Rights Action seeks compensatory and punitive damages from defendants for violating rights under the Constitution in connection with the sexual assault of Plaintiff by Officer Chamberlain. In sexually abusing the Plaintiff, Officer Chamberlain exploited opportunities provided by Defendant County's deliberate indifference Plaintiff's safety.

4.      In addition, Officer Chamberlain's supervisors and co-workers, together, with the County of Los Angeles and the Los Angeles County Probation Department, failed to respect and enforce key policies designed to prevent and deter sexual abuse, failed to train their employees regarding those policies, failed to discipline their employees for violating those policies, maintained vague and unclear policies, and maintained customs and practices that deviated from written policies.

## JURISDICTION AND VENUE

5.      This case arises under 42 U.S.C. § 1983. Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1343.

6.      Plaintiff's claims arise out of a course of conduct involving officials for the County of Los Angeles, in the County of Los Angeles, State of California, and within this judicial district.

## PARTIES

7.      Plaintiff Marcus Stewart is an adult competent to sue. At all relevant times Plaintiff was incarcerated at Central Juvenile Hall ("Central"), a juvenile detention center located at 1605 Eastlake Avenue, Los Angeles, California, 90033.

8.      Defendant County of Los Angeles ("Defendant County") is a legal and political entity established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and the laws of the State of California and exercised by

- 2 –

various government agents and officers. County is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and employees. At all relevant times, Defendant County was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, Defendant County was the employer of each of the individually named defendants and Central was a facility maintained, operated, staffed and run by Defendant County and its agents.

9.     Defendant Los Angeles County Probation Defendant Los Angeles County Probation Department ("LACPD") a public agency. At the times relevant hereto, Defendant Los Angeles County Chief Probation Officer Terri McDonald ("Chief McDonald") and Chief Probation Officer Sheila Mitchell ("Chief Mitchell") were the acting Chief Probation Officers for the County of Los Angeles and are sued in both their official and individual capacities. At all relevant times, LACPD, Chief Powers, Chief Mitchell, were responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of their employees and agents complied with the laws of the united states and of the state of California.

10.     Defendant, LACPD Officer Tyler Chamberlain ("Officer Chamberlain") is a deputy probation officer for the LACPD. At all relevant times, Officer Chamberlain was a duly authorized employee and agent of the County of Los Angeles, subject to oversight and supervision by Defendant County's elected and non-elected officials. At all times herein, Officer Chamberlain acted with authority and color of law and within the perceived course and scope of his duties as a deputy probation officer for the LACPD and with the complete authority and ratification of its principal, Defendant County. In committing the acts alleged herein, Officer Chamberlain operated within the scope of his respective employment as an LACPD officer and with all the authority and color of law therein.

11.     Officer Chamberlain is sued here in both his official and individual capacities.

12.     Defendant, LACPD Officer Carpenter (first name unknown, hereinafter, "FNU") ("Officer Carpenter"), is a male deputy probation officer for the LACPD. At all relevant times,

– 3 –

Officer Carpenter was a duly authorized employee and agent of the County of Los Angeles, subject to oversight and supervision by Defendant County's elected and non-elected officials, and was acting under color of law and within the course and scope of his duties as a deputy probation officer for the LACPD and with the complete authority and ratification of their principal, Defendant County.

13.     In committing the acts alleged herein, Officer Carpenter acted within the scope of his respective employment and under color of law. Officer Carpenter is sued in both his official and individual capacities. At the time of filing, Plaintiff does not know Officer Carpenter's first name but will seek leave to amend the complaint upon discovery.

14.     Defendant, LACPD Officer Gonzalez (first name unknown, hereinafter, "FNU") ("Officer Gonzalez"), is a male deputy probation officer for the LACPD.  At all relevant times, Officer Carpenter was a duly authorized employee and agent of the County of Los Angeles, subject to oversight and supervision by Defendant County's elected and non-elected officials, and was acting under color of law and within the course and scope of his duties as a deputy probation officer for the LACPD and with the complete authority and ratification of their principal, Defendant County.

15.     In committing the acts alleged herein, Officer Gonzalez acted within the scope of his respective employment and under color of law. Officer Gonzalez is sued in both his official and individual capacities. At the time of filing, Plaintiff does not know Officer Gonzalez's first name but will seek leave to amend the complaint upon discovery.

16.     Defendant, LACPD Officer Nguyen (first name unknown, hereinafter, "FNU") ("Officer Nguyen"), is a male deputy probation officer for the LACPD.  At all relevant times, Officer Nguyen was a duly authorized employee and agent of the County of Los Angeles, subject to oversight and supervision by Defendant County's elected and non-elected officials, and was acting under color of law and within the course and scope of his duties as a deputy probation officer for the LACPD and with the complete authority and ratification of their principal, Defendant County.

- 4 -

COMPLAINT FOR DAMAGES

17.     In committing the acts alleged herein, Officer Nguyen acted within the scope of his respective employment and under color of law. Officer Nguyen is sued in both his official and individual capacities. Plaintiff does not know Officer Nguyen's first name but will seek leave to amend the complaint upon discovery.

18.     Defendant, LACPD Officer Roman (first name unknown, hereinafter, "FNU") ("Officer Roman"), is a male deputy probation officer for the LACPD. At all relevant times, Officer Roman was a duly authorized employee and agent of the County of Los Angeles, subject to oversight and supervision by Defendant County's elected and non-elected officials, and was acting under color of law and within the course and scope of his duties as a deputy probation officer for the LACPD and with the complete authority and ratification of their principal, Defendant County.

19.     In committing the acts alleged herein, Officer Roman acted within the scope of his respective employment and under color of law. Officer Roman is sued in both his official and individual capacities. Plaintiff does not know Officer Roman's first name but will seek leave to amend the complaint upon discovery.

20.     Defendant, LACPD Officer White (first name unknown, hereinafter, "FNU") ("Officer White"), is a male senior probation officer for the LACPD. At all relevant times, Officer White was a duly authorized employee and agent of the County of Los Angeles, subject to oversight and supervision by Defendant County's elected and non-elected officials, and was acting under color of law and within the course and scope of his duties as a deputy probation officer for the LACPD and with the complete authority and ratification of their principal, Defendant County.

21.     In committing the acts alleged herein, Officer White acted within the scope of his respective employment and under color of law. Officer White is sued in both his official and individual capacities. Plaintiff does not know Officer White's first name but will seek leave to amend the complaint upon discovery.

22.     The true names of Defendants, Does 1 through 10, are presently unknown to Plaintiff,

- 5 -

who therefore sues each of these defendants by such fictitious name; but upon ascertaining the true identity of a defendant Doe, Plaintiff will amend this complaint or seek leave to do so by inserting the true and correct name in lieu of the fictitious name.  Plaintiff is informed and believes, and on the basis of such information and belief alleges that each defendant Doe herein is in some manner responsible for the injuries and damages alleged herein. Each individually names Doe defendant, like each individually named defendant, acted under color of law and within the scope of his or her agency and employment with Defendant County and LACPD. Each Doe is sued in both his/her official and individual capacities.

## FACTS PERTINENT TO ALL CAUSES OF ACTION

23.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-22 of this complaint with the same force and effect as if fully set forth herein.

24.     Plaintiff Marcus Stewart was remanded to the custody of LACPD. Plaintiff was detained at Central between July 2016 and December 2017.

25.     During his time at Central, there were four officers on rotating duty at any given time. One officer was responsible for watching at risk detainees on "suicide" watch. The others were tasked with making room checks at regular 15 minute intervals, also known as "rounds."  The morning shift officers would rotate in at or around 6:00 A.M.  The day shift officers would rotate in at or around 2:00 P.M.  The night shift officers would rotate in at or around 10:00 P.M.

26.     Prior to October 2017, Officer Chamberlain was assigned to suicide watch and never made "rounds."

27.     Plaintiff was warned by several inmates and other officers of Officer Chamberlain's reputation as a "toucher" and "touch-y". Plaintiff recalls being specifically warned by Officer Nguyen of Officer Chamberlain's reputation.  On or about December 2017, Plaintiff discussed the rumors concerning Officer Chamberlain's reputation with Officer Roman.  Officer Roman confirmed the rumors to Plaintiff.

28.     Plaintiff recalls a fellow inmate discussing Officer Chamberlain's behavior, stating that Officer Chamberlain would wait outside his room and stare at him while he was under

– 6 –

"suicide watch." Plaintiff recalled hearing about Officer Chamberlain's reputation for hugging other wards from behind, hold other wards down for hugs, and use contraband snacks as payment for good behavior.

29. On October 4, 2017 at approximately 10:00 P.M. Plaintiff was in his room reading on his bed. The guards had changed between 9:40 P.M. and 10:00 P.M. Plaintiff's routine was to work out for twenty minutes at approximately this time, and use a Bluetooth speaker attached to a Probation Officer's phone to play music. Plaintiff knocked on his room door to get the on-duty officer's attention and noticed it was Officer Chamberlain, which was unusual. Plaintiff requested use of the Bluetooth speaker and phone from Officer Chamberlain. Plaintiff requested that Officer Chamberlain play the artist "Drake" and reached out to take the speaker from Officer Chamberlain. Instead of passing the speaker to Plaintiff's hand, Officer Chamberlain pressed the speaker toward Plaintiff's genital area and tried to rub the speaker against Plaintiff's genitals. Plaintiff was taken aback, but did not say anything. Plaintiff took the speaker, used it for approximately twenty minutes and returned it to Officer Chamberlain.

30. On October 5, 2017 at approximately 10:00 P.M. Officer Chamberlain was again doing the night "rounds." Plaintiff knocked on the door to use Officer Chamberlain's Bluetooth speaker and phone. Officer Chamberlain once again passed the phone to Plaintiff's genitals rather than into his outstretched hand. Officer Chamberlain lingered in the doorway attempting to connect the Bluetooth speaker to the phone; this process should only take a few moments. While in Plaintiff's doorway, Officer Chamberlain attempted to make small talk with Plaintiff. While making small talk, Officer Chamberlain slowly reached with his left hand to grab Plaintiff's genitals. Officer Chamberlain grabbed Plaintiff's genitals and Plaintiff rebuffed Officer Chamberlain. Officer Chamberlain then denied the incident stating that he "wasn't gay" and that he "had a wife and kids." Plaintiff retreated into his room and returned the Bluetooth speaker after his workout.

31. On October 6, 2017 at approximately 10:00 P.M. Officer Chamberlain was again on "rounds". Plaintiff requested the use of the speaker and Officer Chamberlain opened the door to

- 7 -

Plaintiff's room halfway and blocked the door. Officer Chamberlain spent several minutes "trying unsuccessfully" to connect the speaker to the phone. While trying to connect the speaker, Officer Chamberlain again made small talk with Plaintiff about his case and his upcoming transfer hearing. At this time Plaintiff was in his underwear. Officer Chamberlain then stepped into the room so that he was blocking the doorway and once again used his left hand to slowly reach toward Plaintiff's genitals. Officer Chamberlain grabbed Plaintiff's genitals and also groped Plaintiff's stomach, back, chest, and buttocks. Officer Chamberlain then stroked Plaintiff's genitals quickly, performing a sexual act. Plaintiff was in shock and could not move or say anything.

32.     Officer Chamberlain stepped further into the room and closer to Plaintiff. He said to Plaintiff, "I know people in the 'Big House'. . . I can fuck up your whole life." Plaintiff immediately recognized these as threats against his person. Plaintiff believed the first threat was one against his life, and the second against his ability to have a successful transfer hearing. Plaintiff began to cry silently. Officer Chamberlain did not cease rubbing Plaintiff's genitals.

33.     Both Plaintiff and Officer Chamberlain noticed another guard about to walk by the room or walk within view of the room. Officer Chamberlain then ordered Plaintiff to his bed and Plaintiff covered himself, following Officer Chamberlain's orders. Once the guard had passed, Officer Chamberlain ordered Plaintiff back up. Chamberlain again continued to quickly rub Plaintiff's genitals. Officer Chamberlain threatened that he would "continue" performing this act on Plaintiff. Plaintiff ejaculated and Officer Chamberlain threatened Plaintiff again to keep Plaintiff from making a complaint. Officer Chamberlain then left the room.

34.     Plaintiff penned a note to Officer Chamberlain detailing what had happened and stated that this could not continue. Plaintiff later passed this note to Officer Chamberlain.

35.     On October 7, 2017, Officer Chamberlain was not on night-shift "rounds" but rather, was on "suicide watch" per his normal assignment. At some point during the evening, Plaintiff was out of his cell and within view of Officer Chamberlain. Officer Chamberlain did not make eye contact.

- 8 -

36.     Later, after Plaintiff went to get water, Officer Chamberlain beckoned Plaintiff over to him. Officer Chamberlain stated that he did not want to get caught and that he "wish[ed] he could set [Plaintiff] free, but he can't."  Officer Chamberlain then offered Plaintiff contraband snacks and use of his cell phone to remain quiet about the incidents that had transpired.

37.     Plaintiff used Officer Chamberlain's cell phone to text his ex-girlfriend about what had happened to him. Plaintiff used the phone for approximately an hour and returned the phone when Officer Chamberlain warned him that the supervisor was conducting a room-check.

38.     On or about October 13-14, 2017, Plaintiff informed his criminal attorney about the incidents.  Plaintiff also told his social worker and his mental health advisor what had occurred.

39.     Plaintiff was subsequently interviewed by Adult Protective Services, The Los Angeles County Sheriff's Department, and the Department of Justice. Nothing occurs as a result of these investigations.

40.     Other officers seemed to have been informed of the incidents and complaints as they would come to Plaintiff's room and attempt to convince him to recant or not pursue his complaint against Officer Chamberlain. Plaintiff also noticed that other officers no longer responded in a reasonable time to Plaintiff's requests for water, hygiene items, and medication. Plaintiff was repeatedly forced to wait hours before being able to use the bathroom when he ran out of toilet hygiene items.

41.     On one occasion, Plaintiff had an asthma attack where he experienced extreme headaches and shortness of breath.  Plaintiff hammered on his door making urgent pleas for medication (a rescue inhaler) or medical attention for two hours before any officers responded. Plaintiff was taken to the on-site nurse who was also upset by the situation and urged Plaintiff to make another complaint.

42.     The retaliation against Plaintiff for making complaints reached a head on or about February 5, 2017, at approximately 9:40 P.M.  Plaintiff returned to his room to find Officer Carpenter waiting for him. Plaintiff knew that Officer Carpenter should have been relieved from

- 9 –

his shift already, if not very shortly. Officer Carpenter grabbed Plaintiff and threw him to the floor, pinned him down and put in him a tight headlock. Plaintiff bruised his hand on a nearby wall as he struggled to get free. After a minute or two, Officer Carpenter released Plaintiff and knocked on Plaintiff's door to be let out of the room. Officer Gonzalez, a new officer, let Officer Carpenter out of Plaintiff's room while shaking his head. This gave Plaintiff the impression that Officer Gonzalez knew what Officer Carpenter had done to him.

43.     Plaintiff visited the on-site nurse and told her what had occurred. Officers were once again upset that Plaintiff reported the incident.

44.     On or about February 7, 2018, Plaintiff was transferred to Men's County Jail.

45.     On or about February 12, 2018, Plaintiff was transferred to the Ventura County Jail.

46.     Chief McDonald, Chief Mitchell, Senior Officer White, and other LACPD supervising officers were on notice that Officer Chamberlain was engaging in conduct in violation of written policy, including policies deterring sexual abuse and impropriety.

47.     Chief McDonald, Chief Mitchell, Senior Officer White, and other LACPD supervising officers failed to prevent Officer Chamberlain from engaging in this conduct. Since the written policies were designed, at least in part, to prevent and deter sexual abuse, Chief McDonald, Chief Mitchell, Senior Officer White, and other LACPD supervising officers knew or reasonably should have known that the failure to enforce these policies heightened the danger of sexual abuse of wards by Officer Chamberlain.

48.     As a result of Chief McDonald, Chief Mitchell, Senior Officer White, and other LACPD supervising officers' failure to supervise Officer Chamberlain prior to the sexual abuse of Plaintiff, Officer Chamberlain's misconduct and violations of policy were never reported or properly investigated; the internal culture of LACPD officer intimidating wards from making complaints was never addressed; public inappropriate behavior by Officer Chamberlain toward wards was never timely investigated; and officer Chamberlain was not subject to timely LACPD discipline.

///

- 10 -

49.     If Officer Chamberlain had been adequately trained and supervised prior to the sexual abuse of Plaintiff, if his errant behavior had been investigated, and if he had been timely punished as a result, then the sexual abuse of Plaintiff in this case could have been averted.

### DAMAGES

50.     As a direct and proximate result of the aforesaid acts and omissions, and the customs, practices, policies and decisions of the defendants alleged in this complaint, Plaintiff suffered and will continue to suffer great emotional, mental, and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused and will continue to cause Plaintiff to sustain general damages in a sum to be determined at trial.

51.     As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies, and decisions of the aforementioned Defendants, Plaintiff suffered the denial of his fundamental constitutional rights guaranteed by the First, Fourth, Eight, and Fourteenth Amendments of the United States Constitution, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

52.     As a further direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned Defendants, Plaintiff incurred and will continue to incur medical expenses, including psychological treatment.

53.     As a further direct and proximate result of the aforesaid acts omissions, customs, practices, policies and decisions of the aforementioned Defendants, Plaintiff suffered past and future losses of income that have caused him to sustain economic damages in a sum to be determined at trial.

54.     Officer Chamberlain, Officer Carpenter, Officer Gonzalez, Officer Nguyen, Senior Officer White, Chief McDonald, Chief Mitchell, and Doe defendants, excluding Defendants County and LACPD, acted in a manner that was willful, wanton, malicious, and oppressive with reckless disregard of, or in deliberate indifference to and with the intent to deprive Plaintiff of his constitutional rights, and did in fact violate the aforementioned rights entitling Plaintiff to

– 11 –

exemplary and punitive damages in an amount to be proven at the trial in this matter.

### FIRST CLAIM FOR RELIEF

### Violation of Civil Rights – 42 U.S.C. § 1983

(First Amendment – Against All Defendants)

55.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

56.    At all relevant times, Plaintiff was a ward of the court and incarcerated at Central, a juvenile detention facility operated by Defendant County.

57.    The entity defendants, individual defendants and Doe defendants, while acting under color of law, deprived Plaintiff of his civil rights under the First Amendment by acting and/or allowing each other to act in a threatening or violent manner and otherwise engaging in conduct that inhibited Plaintiff's freedom of speech and right to petition for redress of grievances and to complain about his treatment while in custody, and that such actions undertaken by defendants would chill a person of ordinary firmness from continuing to engage in freedom of speech.

58.    The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power that shock the conscience. They are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

59.    The conduct of entity defendants, individual defendants, and Doe defendants was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff.

60.    Plaintiff specifically alleges that Defendants' complained of acts and/or omissions were within each of their control, and within the feasibility of each of them to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injuries complained of herein by Plaintiff.

///

– 12 –

61.     As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned defendants, Plaintiff suffered extreme and severe mental anguish, and was injured as alleged above, entitling him to recover compensatory and punitive damages (except as to the entity defendants) according to proof.

## SECOND CLAIM FOR RELIEF

### Violation of Civil Rights – 42 U.S.C. § 1983

(Fourth Amendment – Against Officer Chamberlain)

62.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

63.     At all relevant times, Plaintiff was a ward of the court and incarcerated at Central, a juvenile detention facility operated by Defendant County.

64.     Defendant, Officer Chamberlain, while acting under color of law, sexually assaulted Plaintiff and engaged in the conduct described above, and thereby deprived Plaintiff of his civil rights under the Fourth Amendment.

65.     The force used by Officer Chamberlain upon Plaintiff while sexually assaulting him in custody was harmful, unwanted, and excessive.

66.     The sexual assaults of Plaintiff by Officer Chamberlain, and Officer Chamberlain's conduct as described above were unreasonable, unjustified, and offensive to human dignity.

67.     The conduct of Officer Chamberlain was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

68.     As a result of the conduct of Officer Chamberlain, Plaintiff was harmed.

69.     Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

///

– 13 –

## THIRD CLAIM FOR RELIEF

### Violation of Civil Rights – 42 U.S.C. § 1983

(Fourth Amendment – Against Officer Carpenter)

70.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

71.     At all relevant times, Plaintiff was a ward of the court and incarcerated at Central, a Juvenile Detention Facility operated by Defendant County.

72.     Defendant, Officer Carpenter, while acting under color of law, physically assaulted Plaintiff and engaged in the conduct described above, and thereby deprived Plaintiff of his civil rights under the Fourth Amendment.

73.     The force used by Officer Carpenter upon Plaintiff while physically assaulting him in custody was harmful, unwanted, and excessive.

74.     The physical assaults of Plaintiff by Officer Carpenter, and Officer Carpenter's conduct as described above were unreasonable, unjustified, and offensive to human dignity.

75.     The conduct of Officer Carpenter was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

76.     As a result of the conduct of Officer Carpenter, Plaintiff was harmed.

77.     Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## FOURTH CLAIM FOR RELIEF

### Violation of Civil Rights – 42 U.S.C. § 1983

(Eighth Amendment – Against Officer Chamberlain)

78.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

– 14 –

79.    At all relevant times, Plaintiff was a ward of the court and incarcerated at Central, a Juvenile Detention Facility operated by Defendant County.

80.    Defendant, Officer Chamberlain, while acting under color of law, sexually assaulted Plaintiff and engaged in the conduct described above, and thereby deprived Plaintiff of his civil rights under the Eighth Amendment.

81.    The force used by Officer Chamberlain upon Plaintiff while sexually assaulting him in custody was harmful, unwanted, and excessive.

82.    The sexual assaults of Plaintiff by Officer Chamberlain, and Officer Chamberlain's conduct as described above were unreasonable, unjustified, and offensive to human dignity. They were also done with deliberate indifference to the rights and safety of Plaintiff.

83.    The conduct of Officer Chamberlain was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

84.    As a result of the conduct of Officer Chamberlain, Plaintiff was harmed.

85.    Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## FIFTH CLAIM FOR RELIEF

### Violation of Civil Rights – 42 U.S.C. § 1983

(Eighth Amendment – Against Officer Carpenter)

86.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

87.    At all relevant times, Plaintiff was a ward of the court and incarcerated at Central, a Juvenile Detention Facility operated by Defendant County.

88.    Defendant, Officer Carpenter, while acting under color of law, physically assaulted Plaintiff and engaged in the conduct described above, and thereby deprived Plaintiff of his civil

– 15 –

rights under the Eighth Amendment.

89.     The force used by Officer Carpenter upon Plaintiff while physically assaulting him in custody was harmful, unwanted, and excessive.

90.     The physical assaults of Plaintiff by Officer Carpenter, and Officer Carpenter's conduct as described above were unreasonable, unjustified, and offensive to human dignity.
They were also done with deliberate indifference to the rights and safety of Plaintiff.

91.     The conduct of Officer Carpenter was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

92.     As a result of the conduct of Officer Carpenter, Plaintiff was harmed.

93.     Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## SIXTH CLAIM FOR RELIEF

### Violation of Civil Rights – 42 U.S.C. § 1983

(Fourteenth Amendment – Against Officer Chamberlain)

94.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

95.     At all relevant times, Plaintiff was a ward of the court and incarcerated at Central, a Juvenile Detention Facility operated by Defendant County.

96.     Defendant, Officer Chamberlain, while acting under color of law, sexually assaulted Plaintiff and engaged in the conduct described above, and thereby deprived Plaintiff of his civil rights under the Fourteenth Amendment.

97.     The force used by Officer Chamberlain upon Plaintiff while sexually assaulting him in custody was harmful, unwanted, and excessive.

98.     The sexual assaults of Plaintiff by Officer Chamberlain, and Officer Chamberlain's

- 16 –

conduct as described above were unreasonable, unjustified, and offensive to human dignity. They were also done with deliberate indifference to the rights and safety of Plaintiff.

99.     The conduct of Officer Chamberlain was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

100.    As a result of the conduct of Officer Chamberlain, Plaintiff was harmed.

101.    Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

### SEVENTH CLAIM FOR RELIEF

### Violation of Civil Rights – 42 U.S.C. § 1983

(Fourteenth Amendment – Against Officer Carpenter)

102.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

103.    At all relevant times, Plaintiff was a ward of the court and incarcerated at Central, a Juvenile Detention Facility operated by Defendant County.

104.    Defendant, Officer Carpenter, while acting under color of law, physically assaulted Plaintiff and engaged in the conduct described above, and thereby deprived Plaintiff of his civil rights under the Eighth Amendment.

105.    The force used by Officer Carpenter upon Plaintiff while physically assaulting him in custody was harmful, unwanted, and excessive.

106.    The physical assaults of Plaintiff by Officer Carpenter, and Officer Carpenter's conduct as described above were unreasonable, unjustified, and offensive to human dignity. They were also done with deliberate indifference to the rights and safety of Plaintiff.

107.    The conduct of Officer Carpenter was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of

– 17 –

exemplary and punitive damages.

108.    As a result of the conduct of Officer Carpenter, Plaintiff was harmed.

109.    Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## EIGHTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom, Practice, or Policy

### 42 U.S.C. § 1983

(Against County, LACPD, Chief McDonald, and Chief Powers)

110.    Plaintiff incorporates by reference each and every allegation contained in the forgoing paragraphs as if re-alleged herein.

111.    The individual defendants and Doe defendants acted under color of law and within the course and scope of their employment by Defendant County and LACPD.

112.    The individual defendants and Doe defendants deprived Plaintiff of his particular rights under the First Amendment and Officers Chamberlain and Carpenter deprived Plaintiff of his Fourth, Eighth, and Fourteenth Amendments, as alleged above.

113.    Plaintiff is informed and believes, and thereon alleges that, at all times herein mentioned, defendants County, LACPD, the relevant policy makers, Chiefs McDonald and Mitchell, and relevant County officials, whether named or unnamed (hereinafter referred collectively as the entity defendants) maintain or tolerate unconstitutional customs, practices, and policies that facilitated the deprivation of Plaintiff's rights under the First, Fourth, Eight, and Fourteenth Amendment, as alleged above.

114.    The policies, customs, and practices described above are also evidenced by the victimization of Plaintiff and other camp wards by Officer Chamberlain and Officer Carpenter.

115.    Entity defendants had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Said officials acted with

- 18 –

deliberate indifference to the foreseeable effects and consequences of these policies, practices and customs with respect to the constitutional rights of Plaintiff and other wards similarly situated.

116.     As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies, and decisions of the aforementioned defendants, Plaintiff was injured and sustained damages as alleged above. Accordingly, Plaintiff seeks compensatory damages from all the entity defendants, and punitive damages from Chief McDonald and Chief Mitchell in their individual capacities only.

## NINTH CLAIM FOR RELIEF

### Municipal Liability – Inadequate Training/Policy of Inaction

### 42 U.S.C. § 1983

(Against County, LACPD, Chief McDonald, and Chief Mitchell)

117.     Plaintiff incorporated by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

118.     The individual defendants and Doe defendants acted under color of law and within the course and scope of their employment by Defendant County and LACPD.

119.     The individual defendants and Doe defendants deprived Plaintiff of his particular rights under the first amendment, and officer Chamberlain and Officer Carpenter deprived plaintiff of his Fourth, Eighth, and Fourteenth Amendments, as alleged above.

120.     The training provided by Defendant County, LACPD, and the relevant police makers, Chief McDonald and Chief Mitchell, and relevant County officials, whether named or unnamed (herein referred to collectively as the entity defendants) was not adequate to train their probation officers and staff (including therapists) to handle the usual and recurring situations with which they must deal.  As evidenced by the numerous instances of wards before Plaintiff, the entity defendants did not adequately train their officers and staff to prevent, deter, detect, and avoid sexual and physical abuse of wards – and were on notice of such.  Upon the same evidence, the entity defendants were also on notice that they did not adequately train their officers and staff to

- 19 –

intervene when other officers are observed to be violating policies designed to prevent and deter sexual abuse of wards.

121. The entity defendants were deliberately indifferent to the obvious consequences of their failure to train their officers and staff adequately.

122. The failure of the entity defendants to provide adequate training caused the deprivation of Plaintiff's rights.

123. The entity defendants maintained a policy and practice of inaction with respect to the violation of policies designed to prevent or deter sexual abuse of wards. LACPD officers who engaged in suspicious behavior, or behavior that violated written policy, were inadequately disciplined or otherwise not penalized in connection with sexual or otherwise inappropriate behavior toward wards.

124. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and practice of inaction of the aforementioned defendants, Plaintiff was injured and sustained damages as alleged above. Accordingly, Plaintiff seeks compensatory damages from all the entity defendants, and punitive damages from Chief McDonald and Chief Mitchell, in their individual capacities only.

## TENTH CLAIM FOR RELIEF

### Supervisory Liability - 42 U.S.C. § 1983

(Against Senior Officer White, and Does 1-10)

125. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

126. Senior Officer White and Does 1-10 acted in a supervisory capacity under color of law.

127. The acts and failures of Senior Officer White and Does 1-10 were a cause of the sexual and physical abuse of Plaintiff and other conduct by Officer Chamberlain and Officer Carpenter which deprived Plaintiff of his particular rights under the First, Fourth, Eighth, and Fourteenth Amendments, as alleged above.

- 20 -

128.    Senior Officer White and Does 1-10 knew and had been put on notice that their subordinate Officer Chamberlain and Officer Carpenter were engaging in conduct in violation of written policy and knew or reasonably should have known that their conduct would deprive Plaintiff of these rights.

129.    Senior Officer White and Does 1-10 failed to act to prevent Officer Chamberlain and Officer Carpenter, their subordinates, from engaging in such conduct.

130.    The known or obvious consequence of training deficiencies and the failures to enforce written policies would be to cause subordinates like Officer Chamberlain and Officer Carpenter to violate Plaintiff's constitutional rights.

131.    Senior Officer White and Does 1-10 disregarded this consequence.

132.    These training deficiencies and the failures to enforce written policies resulted in the deprivation of Plaintiff's rights by Officer Chamberlain and Officer Carpenter.

133.    Senior Officer White and Does 1-10 engaged in conduct that shoed a reckless or callous indifference to the deprivation by their subordinates of the rights of others.

134.    The conduct of Senior Officer White and Does 1-10 was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of those defendants.

**ELEVENTH CLAIM FOR RELIEF**

**Violation of Civil Rights - 42 U.S.C. § 1983, 1988**

**Conspiracy to Violate Civil Rights**

(Against All Individual County Defendants)

135.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

136.    This cause of action arises under United States Code, Title 42, Sections 1983 and 1988, wherein Plaintiffs seek to redress a deprivation, under color of law, of a right, privilege or immunity secured to himself by the First, Eight and Fourteenth Amendments to the United States Constitution.

– 21 –

137.   Defendants Officer Chamberlain, Officer Carpenter, Officer Gonzalez, Officer Nguyen, Officer Roman, Senior Officer White Chief McDonald, Chief Mitchell, and Does 1-10, and each of them:

      a.  had a joint and simultaneous duty to make sure that Plaintiff was not sexually assaulted;

      b.  had a joint and simultaneous knowledge that Plaintiff was at a risk of being sexually assaulted by Officer Chamberlain;

      c.  with such duty, knowledge and a meeting of the minds, took action at the same time and in the same place to collaborate to refuse to protect Plaintiff from Officer Chamberlains sexual assaults. Thus, forming a 'pact of denial' such that for the days that Plaintiff was subject to Officer Chamberlains sexual assaults – after the individual defendant had been alerted to the danger Officer Chamberlain posed to Plaintiff – not a single one of them did anything to intervene on Plaintiff's behalf or prevent the sexual assaults of Plaintiff;

      d.  acted as described herein above, in conspiracy with, and with the agreement permission, ratification, and approval of, each other to violate Plaintiff's civil rights ad stated herein.

138.   As a direct and proximate result of the aforementioned acts, omissions, and deliberate indifference of each of the defendants, Plaintiff was harmed.

### TWELFTH CLAIM FOR RELIEF

**Assault – California Civil Code §43**

(Against Tyler Chamberlain)

139.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

140.   This cause of action arises under California Civil Code Section 43, wherein Plaintiff has a personal right to protection of his body from harm, and from fear of immediate harm thereof.

- 22 –

141. All dates mentioned herein, Officer Tyler Chamberlain, knowingly and with intent, caused Plaintiff to be in immediate fear of an offensive contact with his body, particularly to his stomach, back, chest, buttocks, and genitals.

142. Plaintiff's fear of Officer Chamberlain's imminent contact was reasonable as Officer Chamberlain moved to touch and did so touch Plaintiff in a harmful and offensive manner.

143. At no time did Plaintiff consent to be touched by Officer Chamberlain in any manner and that any perceived consent was otherwise obtained via duress.

144. On each occasion, Plaintiff suffered harm as a direct and proximate result of Plaintiff's fear of Officer Chamberlain's imminent contact with his body.

145. Officer Chamberlain used his authority as an LACPD officer and under color of law, extracted consent under duress from Plaintiff in touching parts of his body.

### THIRTEENTH CLAIM FOR RELIEF

#### Assault – California Civil Code § 43

(Against Los Angeles County, Los Angeles County Probation Department)

146. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

147. This cause of action arises under California Civil Code Section 43, wherein Plaintiff has a personal right to protection of his body from harm, and from fear of immediate harm thereof.

148. While employed by Defendant County and LACPD, and during the scope of his employment, Officer Tyler Chamberlain placed Plaintiff in immediate fear of an offensive contact with his body, particularly to his stomach, back, chest, buttocks, and genitals, and in so doing caused harm to Plaintiff.

149. On each occasion, Plaintiff suffered harm as a direct and proximate result of Plaintiff's fear of Officer Chamberlain's imminent contact with his body.

///

///

- 23 -

## FOURTEENTH CLAIM FOR RELIEF

### Battery – California Civil Code § 43

(Against Tyler Chamberlain)

150.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

151.   This cause of action arises under California Civil Code Section 43, wherein Plaintiff has a personal right to protection of his body from harm, and from fear of immediate harm thereof.

152.   On the dates mentioned herein, Officer Tyler Chamberlain, knowingly and with intent, touched, groped, fondled and otherwise felt Plaintiff's body, specifically with respect to stomach, back, chest, buttocks, and/or genitals.

153.   At no time did Plaintiff consent to be touched by Officer Chamberlain in any manner and that any perceived consent was otherwise obtained via duress.

154.   On each occasion, Officer Chamberlain's contact was offensive and directly and proximately caused harm to Plaintiff.

## FIFTEENTH CLAIM FOR RELIEF

### Battery – California Civil Code § 43

(Against Officer Carpenter)

155.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

156.   This cause of action arises under California Civil Code Section 43, wherein Plaintiff has a personal right to protection of his body from harm, and from fear of immediate harm thereof.

157.   On or around February 5, 2017, Officer Carpenter, knowingly and intentionally made contact with Plaintiff's body with the malicious intent to cause Plaintiff injury to his person.

158.   At no time on the aforementioned date did Plaintiff consent to be touched by

– 24 –

Officer Carpenter and any perceived consent did not extend to the manner in which Officer Carpenter made contact with Plaintiff's body.

159.   On the aforementioned date, Officer Carpenter's contact was offensive and directly and proximately caused harm to Plaintiff's body and person.

### SIXTEENTH CLAIM FOR RELIEF

### Battery – California Civil Code § 43

(Against Los Angeles County, Los Angeles County Probation Department)

160.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

161.   This cause of action arises under California Civil Code Section 43, wherein Plaintiff has a personal right to protection of his body from harm, and from fear of immediate harm thereof.

162.   While employed by Defendant County and LACPD, and during the scope of his employment, Officer Tyler Chamberlain, knowingly and with intent, touched, groped, fondled and otherwise felt Plaintiff's body, specifically with respect to stomach, back, chest, buttocks, and/or genitals.

163.   At no time did Plaintiff consent to be touched by Officer Chamberlain in any manner and that any perceived consent was otherwise obtained via duress.

164.   On each occasion, Plaintiff found the contact repugnant, and suffered harm as a direct and proximate result of Officer Chamberlain's contact with his body.

165.   Further, on or around February 5, 2018, While employed by Defendant County and LACPD, and during the scope of his employment, Officer Carpenter, knowingly and with malicious intent caused injury to Plaintiff's body.

166.   At no time on the aforementioned date did Plaintiff consent to be touched by Officer Carpenter and any perceived consent did not extend to the manner in which Officer Carpenter made contact with Plaintiff's body.

167.   On the aforementioned date, Officer Carpenter's contact was offensive and directly

– 25 –

and proximately caused harm to Plaintiff's body and person.

### SEVENTEENTH CLAIM FOR RELIEF

### Sexual Battery – California Civil Code § 1708.5

(Against Tyler Chamberlain)

168.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

169.    This cause of action arises under California Civil Code Section 43, wherein Plaintiff has a personal right to protection of his body from harm, and from fear of immediate harm thereof.

170.    On the dates mentioned herein, Officer Tyler Chamberlain, knowingly, and with intent caused Plaintiff to be in immediate fear of an offensive contact with his body, particularly to his stomach, back, chest, buttocks, and genitals.

171.    Subsequently, on the dates mentioned herein, Officer Tyler Chamberlain, knowingly and with intent, touched, groped, fondled and otherwise felt Plaintiff's body, specifically with respect to his stomach, back, chest, buttocks, and/or genitals.

172.    At no time did Plaintiff consent to be touched by Officer Chamberlain in any manner and that any perceived consent was otherwise obtained via duress.

173.    On each occasion, Officer Chamberlain's contact was repugnant and directly and proximately caused harm to Plaintiff.

### EIGHTEENTH CLAIM FOR RELIEF

### Sexual Battery – California Civil Code § 1708.5

(Against Los Angeles County, Los Angeles County Probation Department)

174.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

175.    This cause of action arises under California Civil Code Section 43, wherein Plaintiff has a personal right to protection of his body from harm, and from fear of immediate harm thereof.

– 26 –

COMPLAINT FOR DAMAGES

176.    On the dates mentioned herein, while employed by Defendant County and LACPD, and during the scope of his employment, Officer Tyler Chamberlain, knowingly and with intent caused Plaintiff to be in immediate fear of an offensive contact with his body, particularly to his stomach, back, chest, buttocks, and genitals.

177.    Subsequently, on the dates mentioned herein, while employed by Defendant County and LACPD, and during the scope of his employment, Officer Tyler Chamberlain, knowingly and with intent, touched, groped, fondled and otherwise felt Plaintiff's body, specifically with respect to his stomach, back, chest, buttocks, and/or genitals.

178.    At no time did Plaintiff consent to be touched by Officer Chamberlain in any manner and that any perceived consent was otherwise obtained via duress.

179.    On each occasion, Officer Chamberlain's contact was repugnant, malicious and directly and proximately caused harm to Plaintiff

### NINETEENTH CLAIM FOR RELIEF

### Negligence – California Civil Code § 1714

(Against Los Angeles County, Los Angeles County Probation Department)

180.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

181.    This cause of action arises under California Civil Code Section 1714, wherein Defendants have a duty to exercise ordinary care toward their wards and are responsible any injury occasioned to any employee by their want of ordinary care.

182.    On or before October 4, 2017, Defendant County and LACPD knew or should have known that Officer Chamberlain had engaged in inappropriate, offensive, unlawful or harmful contact with inmates at Central and/or had a reputation for such inappropriate, offensive, unlawful or harmful contact.

183.    On or before October 4, 2017, Defendant County and LACPD had a duty to keep inmates at Central free from contact that is excessive, unjustified, unreasonable and offensive to human dignity.

- 27 –

184. On October 4-13, 2017, Plaintiff was an inmate residing at Central, a juvenile detention facility operated by Defendant County.

185. On or before October 4, 2017, Defendant County and LACPD failed to take any measures, preventative or otherwise, with respect to Officer Chamberlain's behavior and reputation. And its failure resulted in Officer Chamberlain inappropriate, offensive and harmful contact with Plaintiff's body specifically with respect to his stomach, back, chest, buttocks, and/or genitals on October 4, 5, and 6, 2017.

186. As a direct and proximate result of Officer Chamberlain's harmful and offensive contact with Plaintiff on the aforementioned dates, Plaintiff suffered harm.

187. On or around October 13, 2017, Plaintiff informed protective services of Officer Chamberlain's conduct and on information and belief, both Defendant County and LACPD did nothing.

188. Further, on or before February 5, 2018, Defendant County had a duty to keep inmates at Central free from contact that is excessive, unjustified, unreasonable and offensive to human dignity.

189. On February 5, 2018, Plaintiff was an inmate residing at a Juvenile Detention Facility operated by Defendant County.

190. Officer Carpenter, while in the course and scope of his employment as an LACPD officer, maliciously, knowingly and with intent, used excessive, unwarranted or otherwise unlawful force against Plaintiff.

191. As a result, Plaintiff suffered injuries to his body.

192. Shortly after the incident, Officer Gonzales seemingly knew what had occurred, and, deliberately indifferent to Officer Carpenter's actions, failed to respond to Officer Carpenter's unlawful, injurious conduct.

193. As a direct and proximate result of Officer Carpenter's and Officer Gonzales' conduct, Plaintiff suffered injuries to his body and mind.

///

- 28 –

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows against defendants:

1. General and compensatory damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Exemplary and punitive damages against each individual and Doe defendant, but not against Defendant County or LACPD, in amounts according to proof;

4. Cost of suit, including attorneys' fees, under 42 U.S.C. § 1988; and

5. Such other relief as may be warranted or as is just and proper

**LESSEM, NEWSTAT, & TOOSON, LLP.**

DATED: September 5, 2018

By: _____

Jeremy I. Lessem
Attorney for Plaintiff, Marcus Stewart

**JURY DEMAND**

Plaintiff hereby demands trial by Jury on all issues so triable.

**LESSEM, NEWSTAT, & TOOSON, LLP.**

DATED: September 5, 2018

By: _____

Jeremy I. Lessem
Attorney for Plaintiff, Marcus Stewart

– 29 –

COMPLAINT FOR DAMAGES